Per Curiam.

The defendants object that the notice does not state that the pauper was an inhabitant of Seekonk. There is a little ambiguity in the phraseology of the notice ; but taking the whole of it together, it could not have been misunderstood. It implies that Olive Smith was an inhabitant of See *153 konk. The ambiguity depends on the punctuation, and is removed by including in a parenthesis the words, “ widow of Gaius Smith deceased.”
The most important question is, whether the action was commenced in due season. The provision referred to in the statute of 1793, c. 59, [Revised Stat. c. 46, § 13,] is not in the nature of a statute of limitations, but of a condition precedent. If the plaintiffs do not show that the action was brought within two years after the cause of action arose, they cannot prevail. The question then is, when did the cause of action arise ; that is, when could an action have been commenced ; and we are of opinion that the cause of action accrued qt the delivery of the notice, and not at its date. Incurring the expenses of sup-, porting the pauper did not alone give a right of action ; there must also have been notice to the defendants that such expenses had been incurred. It was contended that the notice must be of facts existing at the date of the notice, and that it cannot be inferred that the same facts exist at the time when it is delivered.[1] There might be a case where the notice would be rendered unavailing on this ground, but in the present instance the lapse of time between the date and the delivery has not been so great as to sustain the objection.

Defendants defaulted.

 See Gilford v. Newmarket, 7 N. Hamp. R. 251, 252.